IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS JAMES McGARVEY,<br><br>Defendant. | Case No. 1:18-cr-00130<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, has no objections or corrections to the Presentence Investigation Report in this case and submits this sentencing memorandum in support of the recommendation to be made in this matter.

McGarvey entered an open plea to Counts One, Two, and Four of the Indictment on March 9, 2020. While there was no formal agreement between the parties, there was an agreement that in exchange for McGarvey's open pleas to Counts One, Two, and Four, the United States would move to dismiss Counts Three and Five at sentencing. The informal agreement to dismiss Counts Three and Five was based primarily on McGarvey's unwillingness to agree to and support a factual basis on those counts. Given the mandatory minimums and heightened guideline levels associated with Counts One and Two, primarily, the United States agreed to dismiss Counts Three and Five as those counts would not likely result in any additional sentencing exposure to the defendant. In addition, the United States agreed to move for the third point reduction for acceptance if the defendant accepted responsibility for the criminal conduct underlying Counts One,

Two, and Four. Pursuant to U.S.S.G. § 3E1.1(b), the United States can only move for the additional third point if the Court grants the defendant the two point reduction under subsection (a) of the section.

Outside the informal agreement to dismiss Counts Three and Five and to recommend the third point reduction for acceptance of responsibility, the parties are free to recommend and argue for any sentence the parties so choose. The United States agrees that the Presentence Investigation Report outlines an adjusted offense level of 38 (primarily reflective of Counts One and Two and the status of these Counts under U.S.S.G. § 3D1.4, Multiple Count Adjustment), and a total offense level of 35, after reductions for acceptance, if granted by the Court.

The United States agrees that the defendant's criminal history does not support a criminal history category above the first level. At a total offense level of 35 and a CHC of I, the defendant's range, adjusted for the mandatory minimum of 180 months, is 180-210 months. Counts One and Two result in multiple units pursuant to U.S.S.G. § 3d1.4 and result in a two level increase. It is the intent of the United States to recommend Counts One and Two run concurrent with one another and will recommend a 210 month sentence if the defendant is granted the acceptance of responsibility points or 235 months if the Court does not provide that reduction.

Count Four does not, however, result in any additional exposure to punishment by virtue of enhancing the sentences of Counts One and Two. Count Four reflects conduct that cannot be explained as anything other than bullish, egregious, and extremely harmful. While Counts One and Two reflect the serious conduct of the surreptitious

production and attempted production of images depicting the sexual exploitation of the victim of this matter, Count Four represents over two years of conduct that is inexplicable.

Throughout the course of over two years, the defendant cyberstalked and harassed the victim, the victim's family members, and the victim's school friends by texting disturbing images. McGarvey sent death threats and bomb threats. McGarvey used the internet to anonymously send the victim sexually-related material. McGarvey sent multi-party texts remarking negatively on the development of some of the victim's body parts. McGarvey sent over 200 texts to the victim telling her that she should harm or kill herself. For over two years, beginning when the victim was 15 years old, she had endured some of the most embarrassing and distressing online harassment. McGarvey should consider himself lucky that the victim was able to maintain enough levelheadedness to disregard the harmful invites. In addition to the emotional distress, McGarvey is highly suspect of having scratched the word "HOE" into the victim's car, slashed her tires numerous times, and having poured a foreign substance in victim's vehicle's gas tank.

Given the level of conduct McGarvey engaged in, the United States intends to recommend a consecutive sentence relative Count Four. Count Four has a total offense level of 20. If reduced by three points for acceptance, the defendant's range would be 24-30 months. If the Court, again, does not grant the acceptance of responsibility, the range would then be 33-41 months. Under the first alternative, the United States would recommend a 30 month sentence consecutive to the 210 months the United States will

recommend for Counts One and Two for a total of 210 months. Alternatively, if the acceptance reduction is not applied, the United States will recommend a 33 month consecutive sentence for a total recommendation of 268 months.

The United States will also recommend a 10-year term of supervised release to follow imprisonment with a recommendation that the Judgment include a provision that McGarvey, while in prison or on supervised release, not have contact with the victim or any member of the victim's immediate family.

Dated: June 16, 2020.

DREW H. WRIGLEY
United States Attorney

By:   */s/ Gary L. Delorme*_____
      GARY L. DELORME
      Assistant United States Attorney
      ND Bar ID 05845
      P.O. Box 699
      Bismarck, ND 58502-0699
      (701) 530-2420
      Gary.Delorme@usdoj.gov
      Attorney for United States