**UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

_____

| | | |
|---|---|---|
| United States of America, | ) | Case No. 1:18-cr-00130 |
| Plaintiff, | ) | |
| Vs. | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Curtis James McGarvey, | ) | |
| Defendant. | ) | |

_____

**TO: THE COURT AND COUNSEL FOR THE GOVERNMENT**

Comes now Defendant Curtis James McGarvey ("Defendant" or "McGarvey"), by and through his counsel of record, W. Harvey Skees ("Skees"), and does now submit this Sentencing Memorandum for the Court's consideration and application of the USSG and the sentencing factors as contained in 18 U.S. Code § 3553(a).

McGarvey entered on "open plea" to Counts One, Two, and Four of the Indictment on March 9, 2020. In exchange, and upon Sentencing, the Government has agreed to dismiss Counts Three and Five of the Indictment. The parties are free to recommend and/or argue any sentence allowed by law.

The parties agree, and the Presentence Investigation Report ("PSIR") correctly reflects, that McGarvey is in Criminal History Category I. The parties also agree that the base offense level is 35. However, as to the total offense level, the parties in are disagreement as to whether McGarvey should have an adjusted total offense level of 35 or 38 in that McGarvey argues that he has met the requirements for Acceptance of Responsibility pursuant to USSG § 3E1.1(a) [-2] and USSG § 3E1.1(b) [-1] and a -3 adjustment in that it is abundantly clear that McGarvey has freely admitted guilt to the elements of the offenses charged and has most certainly assisted in the prosecution of his

own misconduct and timely notified the government of his intention to enter a plea of guilty. Just because the defendant does not agree with everything the government alleges and/or the conclusions drawn in the PSIR does not deprive him of this right to the -3 adjustment.

Assuming the Court agrees that McGarvey is entitled to the -3 adjustment, the total offense level would be 35 which results in a guideline range of 168 to 210 months. However, when adjusted for the mandatory minimum 180 months, the effective range is 180 to 210 months. The Defendant asserts and argues and asks the Court to impose a sentence of 180 months as that would satisfy both the mandatory minimum requirements applicable in this matter as well as satisfying the sentencing factors as contained in 18 U.S. Code § 3553(a) and does *vehemently oppose* the argument(s) of the Government in their Sentencing Memorandum that the Defendant should receive a concurrent sentence of 210 to 235 months as to Counts One and Two *and* a requested additional consecutive sentence of 30 to 33 months as to Count Four.

As to the sentencing factors as contained in 18 U.S. Code § 3553(a), the Defendant asks for application as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

As to the nature and circumstances of the offense, there is no question that McGarvey made very poor choices and essentially ruined the life of the victim for a number of years, both through his stalking and harassing behavior (Count 4) as well as his surreptitious recordings and keeping of still images of the victim (Counts 1 and 2). And although McGarvey does not agree with the assertions of the PSIR and/or the Government as to the "intent" behind these recordings and images, he understands that he took what the law would consider a "substantial step" towards an attempt at the commission of those offenses and has tendered a guilty plea based on the same. Because of

these poor decisions, he will lose at least 15 years of his life to incarceration.  Thereafter, he will walk a branded man for his actions for the rest of his life.  And as no small additional consequence, he has lost the love and support of almost his entire immediate and extended family.

As to the history and characteristics of McGarvey himself, prior to his arrest and detention in State court before being indicted in Federal court, he lived a very law-abiding life and enjoyed a very successful career as a pharmacist who owned a number of businesses and was an active and productive member of society.  But for the horrible decisions by McGarvey during the time period relevant to these charges, he lived an otherwise good and law-abiding life and there are many indications that he would continue to do so if given the opportunity, all of which should be considered by the Court when imposing a sentence in this matter.

(2) <u>the need for the sentence imposed</u>—

(A) <u>to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;</u>

The seriousness of these offenses come with a steep price.  Again, at a minimum, McGarvey will sit incarcerated for his actions for 15 years.  Never mind the collateral consequences.  15 years to sit and ponder your actions is a long, long, time.  15 years is enough time given the nature of the offense conduct (i.e. substantial step towards an attempt) to reflect the seriousness of what McGarvey has done, to promote respect for the law, and to provide just punishment.

(B) <u>to afford adequate deterrence to criminal conduct;</u>

Again, McGarvey walked into the courtroom back on March 9, 2020 knowing he would be facing a Federal incarceration term of 180 to 210 months or more.  He did so not only because he wants to take responsibility for his past actions, but to show that he has been deterred from future criminal conduct.  In addition, his Post Conviction Risk Assessment ("PCRA") of Level 1 affords

3

some assurance to the Court that future criminality is not likely in his future. PSIR Page 16, Paragraph 71. As such, a 15-year sentence is more than an adequate deterrence to future criminal conduct.

(C) to protect the public from further crimes of the defendant; and

Despite some of the admittedly horrible things that McGarvey perpetrated on the victim, it is without dispute that McGarvey was never physically violent towards the victim and his conduct was isolated and directed at a single victim. Although his conduct was egregious, there is no indication that McGarvey is a threat to the public in general. In fact, and again, based on his PCRA, McGarvey was determined to have a Level 1 overall risk to re-offend equating to only a 4% chance to be re-arrested during his case plan supervision and/or a 6% chance to be revoked during the case plan supervision which does provide direction to the Court and support for McGarvey that his odds of committing further criminal acts against the public appear minimal. PSIR Page 16, Paragraph 68. Additional psychological analysis and testing of McGarvey reached a similar conclusion. PSIR Page 20, Paragraph 89.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

McGarvey will undoubtedly have to undergo psychotherapy as well as Bureau of Prisons ("BOP") required sex offender specific programming and potentially cognitive restructuring and/or training. All of these will be available to McGarvey during either his incarceration with BOP and/or upon his release and while on supervised release. 15-years is a long time. McGarvey will have every opportunity to take advantage of any and all training and treatments available.

The court shall impose a sentence sufficient, but not greater than necessary. 15 years is sufficient given the nature of the offenses. McGarvey asks this court to impose the mandatory minimum sentence of 15 years followed by a 5-year term of supervised release.

But for the arguments made herein and/or in any supplemental pleading(s) and/or to be made at the Sentencing in this matter and as contained in the "Objections" section of the PSIR, the defendant and defense counsel do not object to the non-contested facts and conclusions contained in the PSIR as filed with the Court.

Dated: June 18, 2020.

By: __/s/ W. Harvey Skees_____
W. Harvey Skees (ID# 08396)
The Law Office of
W. Harvey Skees
Attorney for Defendant
1515 Burnt Boat Dr.
Suite C - #119
Bismarck, ND 58503
Telephone: (701) 353-5874
Facsimile: (855) 384-4891
E-mail:  Harvey@notguiltynd.com